UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON EDDY MOSES, | Civil Action No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| ATLANTIC ADVISORS, INC., | |
| Defendant(s). | |

Plaintiff AARON EDDY MOSES ("Plaintiff"), by and through his attorneys, Edward B. Geller, Esq., P.C., as and for its Complaint against the Defendant ATLANTIC ADVISORS, INC. (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff AARON EDDY MOSES is a resident of the State of New Jersey, residing at 780 Bowyer Avenue, Long Branch, New Jersey 07740-4855.

3. Defendant, ATLANTIC ADVISORS, INC. is a New Jersey corporation engaged in the business of debt collection with its address at 710 Mattison Avenue,

Asbury Park, New Jersey 07712.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon

information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of


inconsistent or varying standards for the parties.

17.  A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.  Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.  Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.  Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.  Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending Plaintiff a collection notice dated August 1, 2014.

24. Defendant's notice arrived by United States mail at Plaintiff's home in an envelope on which Plaintiff's Account number of "NA645776-6," and Plaintiff's name and address were visible. A copy of said notice is attached hereto as Exhibit "A."

25. Defendant's notice identified Plaintiff's account number, statement date and informed Plaintiff that he owed $708.15.

26. Defendant's notice bore the heading "48 HOUR NOTICE."

27. Defendant's notice stated: "You have forty-eight hours in which to make a decision. 1. Pay the full amount immediately. 2. Contact this office to make arrangements. If you take no action within the time extended to you, we will have no alternative but to continue our collection effort to protect our client's interest."

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

30. Defendant violated 15 USC §1692 f–preface by unfairly and unconscionably sending "48 HOUR" notices to consumers exemplified by notice to Plaintiff dated August 1, 2014, which warn them that they have "forty eight hours in which to make a decision" regarding payment of an alleged debt, when Defendant has

no way of knowing when the consumer will receive Defendant's notice and warning in the mail in order to enforce said warning. Defendant's threat if Plaintiff is unable or unwilling to respond in "forty-eight hours" is that they will continue collection to "protect our client's interest." Defendant's notice unfairly implies that Plaintiff is causing harm to their client and protection is necessary while creating a false sense of urgency by pressuring Plaintiff to make a decision, language used with the intention to unfairly cause consumers distress.

31. 15 USC §1692 f (8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

32. Defendant unfairly and improperly created notices for mass-distribution to consumers and Plaintiff which were mailed in envelopes upon which consumer's and Plaintiff's account numbers were visible. According to Douglass v. Convergent Outsourcing, 963 F. Supp. 2d 440 (E.D. Pa., 2013), the United States District Court for the Eastern District of Pennsylvania held that the account number is a core piece of information pertaining to Plaintiff's status as a debtor and Defendant's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. As the Court found: "[Defendant] insists that [Plaintiff's] account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm [Plaintiff]. But the account number is not meaningless---it is a piece of information capable of identifying [Plaintiff] as a debtor. And its disclosure has the potential to

cause harm to a consumer that the FDCPA was enacted to address. As we have stated before, the FDCPA "must be broadly construed in order to give full effect to [Congress's remedial] purposes." *Caprio*, 709 F.3d at 148. Construing § 1692f(8) in accord with the FDCPA's purposes in § 1692(a), we find the statute not only proscribes potentially harassing and embarrassing language, but also protects consumers' identifying information. Accordingly, [Plaintiff's] account number is impermissible language or symbols under § 1692f(8)."

33. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

34. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

   A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

   B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

   C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

   D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

   E. A declaration that the Defendant's practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 8, 2015

                          Respectfully submitted,

                          EDWARD B. GELLER, ESQ., P.C.
                          By _____ Esq.
                          Edward B. Geller, Esq. (EG9763)

                        *Attorney for the Plaintiff* AARON EDDY MOSES

To: Atlantic Advisors, Inc.
    710 Mattison Avenue
    Asbury Park, New Jersey 07712

    *(Via Prescribed Service)*

    Clerk of the Court,
    United States District Court, District of New Jersey
    Clarkson S. Fisher Building & U.S. Courthouse
    402 East State Street Room 2020
    Trenton, New Jersey 08608

    *(Via Electronic Court Filing)*

EXHIBIT "A"

Atlantic Advisors, Inc.
PO Box 841
Asbury Park, NJ 07712-0841

**ADDRESS SERVICE REQUESTED**

Date: 08/01/2014
Your account number: NA645776-6
Balance to pay in full: $ 708.15

Regarding: NJ NATURAL GAS CO

Write amount enclosed here: $ _____

NA645776-6        01-2-0357/05-01482
** AUTO PRESORTED
AARON "EDDIE" MOSES
780 BOWYER AVE
LONG BRANCH NJ 07740-4855

ATLANTIC ADVISORS, INC.
PO BOX 841
ASBURY PARK, NJ 07712-0841

*Questions about your statement? Contact us at 732/774-7722.*

Please detach below, remove stub at left, and return this portion with your payment.  Keep the bottom part for your records.

| Account Number | Statement Date | Balance Due | Date Paid | Amount Paid | Check Number |
|---|---|---|---|---|---|
| NA645776-6 | 08/01/2014 | $ 708.15 | | | |

# 48 HOUR NOTICE

You have forty eight hours in which to make a decision:

1. Pay the full amount immediately.

2. Contact this office to make arrangements.

If you take no action within the time extended to you, we will have no alternative but to continue our collection effort to protect our client's interest.

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**If payment is being made by check, and the check is returned for whatever reason, a charge of $10.00 will be applied to the account to cover the cost of a bad check fee.**

Atlantic Advisors, Inc.
PO Box 841
Asbury Park, NJ 07712-0841

**ADDRESS SERVICE REQUESTED**



FIRST-CLASS MAIL
U.S. POSTAGE
PAID 1 OZ.
PERMIT NO. 412

NA645776-6           01-2-0357/05-01482
** AUTO PRESORTED
AARON "EDDIE" MOSES
780 BOWYER AVE
LONG BRANCH NJ 07740-4855

Questions about your statement? Contact us at 732/774-7722.